IN THE MATTER OF THE APPLICATION OF GEORGE THOMPSON TO CHANGE THE TOWN PLAT OF THE VILLAGE OF LEELAND. · JOHN J. MILLER, *Defendant.*

Where application is made to vacate a part of a street in a town plat, any person owning property adjoining any part of the street may appear and defend against the application.

Where there is no paper printed in the county where the plat lies, notice of the application must be published in some newspaper printed in an adjoining county, i. there be one.

*Leelanaw Circuit, January*, 1870.

*S. C. Moffat*, for Applicant.

*E. S. Pratt*, for Defendant.

The applicant filed a petition to vacate a portion of a street in the village of Leeland. in which he claimed to own all the land in the blocks each side of that, portion of the street to be vacated.

Miller owned land adjoining the street in the next block.

Applicant claimed that inasmuch as he owned all the land immediately adjoining that portion of the street to be vacated, the defendant had no right to resist the application.

*By the Court,* RAMSDELL, J.—The part of the town which it is proposed to alter is a street.

Sec. 6 of Act No. 189 of Session Laws of 1867, provides that "any person owning any part of said town immediately adjoining that part which it is proposed to alter or vacate, may appear in opposition to such petition." As the vacation of a portion of a street affects a whole street, this clause must be construed to give the right to appear in opposition to any property owner on the street. The narrow construction claimed by the counsel for the applicant would permit any person who chanced to own land upon opposite sides of a street, especially if he owned the entire of opposite blocks, to close up the street even though it be in the center of the town and its main thoroughfare, and no one could defend against such an unjust proceeding.

Mr. Miller must be permitted to defend.

Counsel for the defendant then moved to dismiss the petition on the ground that notice of the application was not published in any newspaper as required by law.

*By the Court.*—Section 5 of same Act requires that notice of the pendency of the petition shall be given by publishing the same for 30 days in a newspaper printed in the county. It is admitted that there is no newspaper printed in the county; that there are two printed and published in the adjoining county of Grand Traverse, and that no notice was published in any newspaper. The fact that the applicant could not comply with the special law in this case, does not excuse him from complying with the general law governing legal advertisements ; therefore he should have published the notice in one of the papers printed in the adjoining county.

The petition must be dismissed with costs.